**FOR PUBLICATION**

```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. THOMAS AND ST. JOHN
```

|  |  |
|---|---|
| FIRSTBANK PUERTO RICO,   ) | |
| )   Plaintiff,   ) | |
| v.   ) | Civil No. 2008-06 |
| )   SEEMA JUDI NAGLEBERG, as EXECUTRIX   )   FOR THE ESTATE OF JENS-PETER KEMMLER  )   a/k/a JENS PETER KEMMLER; and   )   GOVERNMENT OF THE VIRGIN ISLANDS    )   BUREAU OF INTERNAL REVENUE,   ) | |
| )   Defendants.   ) | |

**ATTORNEYS:**

**Raegan M. King, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff,*

**George M. Miller, Esq.**
St. Thomas, U.S.V.I.
   *For Seema Judi Nagleberg, as Executrix for the Estate of Jens-Peter Kemmler a/k/a Jens Peter Kemmler,*

**George Hedley Phillips, Esq.**
St. Thomas, U.S.V.I.
   *For the Government of the Virgin Islands Bureau of Internal Revenue.*

<u>ORDER</u>

**GÓMEZ, C.J.**

   Before the Court is the motion of FirstBank Puerto Rico ("FirstBank") for an award of attorneys' fees and costs.

*FirstBank v. Nagleberg, et al.*
Civil No. 2008-06
Order
Page 2

    On January 14, 2008, FirstBank commenced this debt and foreclosure action against defendants Seema Judi Nagleberg ("Nagleberg"), as Executrix for the Estate of Jens-Peter Kemmler a/k/a Jens Peter Kemmler, and the Government of the Virgin Islands Bureau of Internal Revenue (the "IRB"). On November 3, 2008, FirstBank moved for summary judgment against the defendants. On December 9, 2008, this Court denied FirstBank's motion for summary judgment.

    Virgin Islands law provides that "there shall be allowed to *the prevailing party* in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto . . . ." V.I. CODE ANN. tit. 5, § 541(b) (1986) (emphasis added). Similarly, Local Rule of Civil Procedure 54.1 provides

> Within thirty days after the entry of a final judgment or a judgment allowing costs, *the prevailing party* shall serve on the adverse party and file with the Clerk of the Court a Bill of Costs, together with a notice of motion when application will be made to the Clerk to tax the same.

LRCi 54.1 (Oct. 31, 2008) (emphasis added); *see also* 5 V.I.C. § 543.

    Thus, it is clear that an attorneys' fees and costs may only be awarded to the prevailing party in the litigation. Here,

*FirstBank v. Nagleberg, et al.*
Civil No. 2008-06
Order
Page 3

however, there has been no determination that FirstBank is the prevailing party in this litigation. Accordingly, it is hereby

**ORDERED** that FirstBank's motion for attorneys' fees and costs is **DENIED** without prejudice.

        S\_____
          **CURTIS V. GÓMEZ**
           **Chief Judge**