**FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |  |
|---|---|---|
| **FIRSTBANK PUERTO RICO,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2008-06 |
| | ) | |
| **SEEMA JUDI NAGLEBERG, as EXECUTRIX** | ) | |
| **FOR THE ESTATE OF JENS-PETER KEMMLER** | ) | |
| **a/k/a JENS PETER KEMMLER; and** | ) | |
| **GOVERNMENT OF THE VIRGIN ISLANDS** | ) | |
| **BUREAU OF INTERNAL REVENUE,** | ) | |
| | ) | |
| Defendants. | ) | |

**ATTORNEYS:**

**Raegan M. King, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff,*

**George M. Miller, Esq.**
St. Thomas, U.S.V.I.
   *For Seema Judi Nagleberg, as Executrix for the Estate of Jens-Peter Kemmler a/k/a Jens Peter Kemmler,*

**George Hedley Phillips, Esq.**
St. Thomas, U.S.V.I.
   *For the Government of the Virgin Islands Bureau of Internal Revenue.*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of FirstBank Puerto Rico ("FirstBank") for reconsideration of this Court's December 9, 2008, Order denying FirstBank's motion for summary judgment.

*FirstBank v. Nagleberg, et al.*
Civil No. 2008-06
Order
Page 2

On January 14, 2008, FirstBank commenced this debt and foreclosure action against defendants Seema Judi Nagleberg ("Nagleberg"), as Executrix for the Estate of Jens-Peter Kemmler a/k/a Jens Peter Kemmler, and the Government of the Virgin Islands Bureau of Internal Revenue (the "IRB").  On November 3, 2008, FirstBank moved for summary judgment against the defendants.  On November 20, 2008, Nagleberg filed an opposition to FirstBank's summary judgment motion.  On December 9, 2008, this Court entered an Order denying the motion for summary judgment.

FirstBank has timely moved for reconsideration of the December 9, 2008, Order.

Local Rule of Civil Procedure 7.3 provides:

> A party may file a motion asking the court to reconsider its order or decision. . . .  A motion to reconsider shall be based on:
>
> 1. Intervening change in controlling law;
>
> 2. Availability of new evidence, or;
>
> 3. The need to correct clear error or prevent manifest injustice

LRCi 7.3 (2008).  The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Such motions are not substitutes for

*FirstBank v. Nagleberg, et al.*
Civil No. 2008-06
Order
Page 3

appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004).

Here, FirstBank does not assert that there has been an intervening change in controlling law, or that new evidence is available. Rather, FirstBank argues that reconsideration is required in order to correct clear error and prevent manifest injustice. Specifically, FirstBank contends that the Court erred by ruling on the summary judgment motion before the expiration of the deadline for filing a reply brief.

Pursuant to Local Rule of Civil Procedure 56.1(a)(2), any reply to a response in opposition to a summary judgment motion "shall be filed within ten (10) days of the filing of the response." LRCi 56.1(a)(2). In calculating the reply period under Local Rule 56.1(a)(2), weekends and "legal holidays" are excluded. *See* Fed. R. Civ. P. 6(a)(2) (stating that weekends and "legal holidays" are excluded when calculating time periods shorter than eleven days); *see also* LRCi 6.1 (defining the term "legal holiday" to include "any other day appointed as a holiday

*FirstBank v. Nagleberg, et al.*
Civil No. 2008-06
Order
Page 4

by the Territory of the Virgin Islands on which the District Court of the Virgin Islands is closed").[1]

Here, the reply period started to run on November 21, 2008, the day after Nagleberg filed her opposition to FirstBank's summary judgment motion.  Excluding intervening weekends and "legal holidays,"[2] the deadline for filing a reply to Nagleberg's opposition to FirstBank's summary judgment motion expired on December 5, 2008.  The December 9, 2008, Order was entered several days after the reply period had expired.[3]  Thus,

---

[1] Title 1, section 171(a) of the Virgin Islands Code lists the days recognized as "legal holidays" in the territory.  The statute further defines the term "legal holiday" to include "such other days as the President or the Governor may by proclamation declare to be holidays." V.I. Code Ann. tit. 1, § 171(a).

[2] The only "legal holiday" that occurred during the relevant time period was Thanksgiving Day, which fell on Thursday, November 27, 2008.  While the Court was closed on Friday, November 28, 2008, the Governor did not issue any proclamation declaring that day to be a "legal holiday," pursuant to Section 171(a).  Therefore, Friday, November 28, 2008, is not excluded under Local Rule 6.1.

[3] FirstBank claims that the reply period did not expire until December 11, 2008, citing Federal Rule of Civil Procedure 6(d) as authority for that calculation.  Under Rule 6(d), "*[w]hen a party may or must act within a specified time after service* and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d) (emphasis added).  Here, any reply to Nagleberg's opposition was due within ten days after the *filing* of the opposition. *See* LRCi 56.1(a)(2).  FirstBank was not permitted or required to act within a specified time after service.  Under these circumstances, Rule 6(d) is inapplicable.

*FirstBank v. Nagleberg, et al.*
Civil No. 2008-06
Order
Page 5

FirstBank has failed to show clear error or manifest injustice with respect to the December 9, 2008, Order.

Accordingly, it is hereby

**ORDERED** that the motion for reconsideration is **DENIED**.

```
                              S_____
                                   CURTIS V. GÓMEZ
                                     Chief Judge
```